UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIANO KRUEL BUDRI,<br><br>*Appellant*,<br><br>v.<br><br>CLEMENTS ELECTRIC TEXAS, LLC,<br><br>*Appellee*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-2595-X |

## MEMORANDUM OPINION AND ORDER

The Court **DECLARES** Adriano Kruel Budri a vexatious litigant. The Fifth Circuit, Texas Second Court of Appeals in Fort Worth, and Northern District of Texas Bankruptcy Court have all sanctioned Budri and declared him a vexatious litigant.[1] And this Court has sanctioned Budri and warned Budri several times that his pattern of frivolous filings would lead to yet another vexatious litigant designation.[2]

The inherent powers of federal courts include "the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of [the court's] docket."[3] To impose a sanction using its inherent powers, the Court must make a specific finding of bad faith.[4] The standard for such a sanction is "extremely

[1] *See Budri v. Admin. Rev. Bd.*, 858 F. App'x 117 (5th Cir. 2021); *Budri v. McAllister*, No. 02-24-00092-CV, 2025 WL 494694 (Tex. App.—Fort Worth Feb. 13, 2025, no pet.) (affirming sanctions awarded by the 141st District Court of Tarrant County, Texas); Docs. 1-1 at 2; 1-2 at 1–2.

[2] *E.g.*, Docs. 54 (sanctions); 11; 14; 20; 54; 65 (warnings). Vexatious litigant designations are not like infinity stones or the Rings of Power. Collecting vexatious litigant designations from every state and federal court in Texas provides no superpower to Budri—only sanctions.

[3] *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam).

[4] *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999) (cleaned up).

high."[5] "The [C]ourt must find that the very temple of justice has been defiled by the sanctioned party's conduct."[6]

"Federal courts also have authority to enjoin vexatious litigants under the All Writs Act"[7] as a check against parties "who abuse the court system and harass their opponents."[8] Courts can "enjoin[ ] future filings to protect its jurisdiction and control its docket."[9] But "an injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[10] When deciding whether to enjoin future filings, courts consider four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[11]

Here, Budri meets all four factors. First, Budri's litigation history is vexatious because three other courts have designated him as a vexatious litigant.[12]

Second, Budri had no good faith basis for pursuing this appeal, and the Bankruptcy Court below previously noted the harassing nature of Budri's filings.[13]

---

[5] *Id.*

[6] *Id.* at 722–23 (cleaned up).

[7] *In re Carroll*, 850 F.3d at 815.

[8] *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004).

[9] *Id.*

[10] *Id.* (cleaned up).

[11] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)

[12] *See Budri*, 858 F. App'x at 117; *Budri*, 2025 WL 494694, at *1 (affirming sanctions awarded by the 141st District Court of Tarrant County, Texas); *see also* Docs. 1-1 at 2; 1-2 at 1–2.

[13] *See* Docs. 1-1 at 9–10 (noting lack of good faith basis for Budri's repeated filings); 11 at 2.

Third, this Court has had to rule on Budri's frivolous filings almost daily, and the Clerk's Office has likewise had to docket Budri's frivolous filings and mail notices of the Court's Orders to him. Budri has filed 43 motions, letters, or other docket entries over the past 80 days with a 0% success rate on these filings.[14]

Fourth, the Court has already tried alternative measures to no avail. Budri regularly ignores the Court's Order that he must seek leave to file new motions from the Court.[15] And the Court's imposition of monetary sanctions has not dissuaded Budri despite the Court explaining that it imposed sanctions "to deter future frivolous filings and compensate Clements for the time wasted on this appeal."[16]

Accordingly, the Court **DECLARES** Adriano Kruel Budri a vexatious litigant. The Court **ORDERS** that (1) monetary sanctions may be imposed on Budri for future vexatious litigation considered abusive and harassing in nature, and (2) that Budri must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this District. Any case filed, removed, or transferred to this District without an application seeking leave to file shall not be reviewed. Failure to comply with this Order will result in the *sua sponte* administrative closure of any case filed, removed, or transferred by Budri in violation of this Order.

**IT IS SO ORDERED** this 20th day of November, 2026.

---

[14] *See* Docs. 2; 4; 5; 6; 7; 12; 13; 15; 16; 18; 19; 21; 22; 23; 24; 27; 28; 29; 31; 32; 33; 36; 38; 39; 40; 41; 44; 46; 47; 48; 49; 50; 52; 55; 56; 57; 59; 60; 62; 64; 66; 67; 68. Of those filings, only his response to Clements's sanctions motion was warranted. *See* Doc. 40. And at least 8 filings seek reconsideration of the same order (Doc. 11). *See* Docs. 19; 23; 24; 28; 32; 36; 52; 68.

[15] *See* Doc. 30 (requiring Budri to seek leave to file); *see, e.g.*, Docs. 67; 68 (seeking no leave).

[16] Doc. 54 at 3.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE